UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) Criminal No. 14-0117 (PLF) |
| ALLANTE ALEXANDER, | ) |
| | ) |
| Defendant. | ) |
| | ) |

MEMORANDUM OPINION AND ORDER

This matter comes before the Court on defendant Allante Alexander's pro se requests to have his sentences run concurrently. See June 22, 2020 Letter Regarding Sentencing Terms Running Concurrent ("June 2020 Letter") [Dkt. No. 150]; January 28, 2021 Letter Regarding Sentencing Terms Running Concurrent ("Jan. 2021 Letter") [Dkt. No. 157]. Mr. Alexander seeks to have the fifteen-month sentence imposed by this Court for a violation of the terms of his supervised release run concurrently with the sixty-month sentence imposed by the Superior Court of the District of Columbia for an armed robbery conviction. June 2020 Letter at 1; Jan. 2021 Letter at 2. The government opposes this motion on the grounds that Section 7B1.3(f) of the U.S. Sentencing Guidelines provides for the sentences to run consecutively and that the two sentences were imposed for separate offenses. Government's Opposition to Request to Run Sentences Concurrently ("Gov't Opp.") [Dkt. No. 160] at ¶¶ 5-6. For the reasons set forth below, the Court will deny Mr. Alexander's request.[1]

---

[1] The Court has reviewed the following documents in connection with the pending request: Indictment [Dkt. No. 9]; Plea Agreement as to Allante Alexander ("Plea Agrmt.") [Dkt. No. 32]; Statement of Offense ("SOO") [Dkt. No. 33]; Judgment as to Allante Alexander ("Judgment") [Dkt. No. 83]; May 18, 2018 Probation Petition ("May 2018 Probation Pet.") [Dkt.

I.  BACKGROUND

On October 13, 2014, defendant Allante Alexander pled guilty to one count of Conspiracy to Interfere with Interstate Commerce by Robbery and one count of Bank Robbery. Plea Agrmt. at 1.  On January 8, 2015, this Court sentenced Mr. Alexander to thirty-six months of incarceration to be followed by thirty-six months of supervised release.  Judgment at 2.  Mr. Alexander's supervised release began on January 24, 2017.  May 2018 Probation Pet. at 1.  On May 15, 2018, while on supervised release, Mr. Alexander was arrested and charged with two counts of robbery while armed.  Id. at 2.  On November 26, 2018, the Superior Court sentenced Mr. Alexander to a period of sixty months of incarceration for a conviction of robbery while armed with an imitation firearm.  Dec. 2018 Probation Pet. at 2.  On February 22, 2019, this Court sentenced Mr. Alexander to an additional fifteen months of incarceration for violating the terms of his supervised release, which required that he not commit another federal, state, or local crime.  Judgment on Revocation at 1-2.  This Court's judgment provided that the sentence it imposed be served consecutively to the sentence imposed by the Superior Court.  Id. at 2.

In a letter docketed on June 22, 2020, Mr. Alexander requested that the sixty-month sentence imposed by the Superior Court run concurrently with the fifteen-month sentence imposed by this Court.  June 2020 Letter at 1.  In support of the request, Mr. Alexander wrote of "the love of the parent" and his desire to "make it home to [his] children and parents."  Id.  Mr. Alexander reiterated this request in a second letter docketed on January 28, 2021, in which he informed the Court that he had enrolled in a drug treatment program while incarcerated and

---

No. 107]; December 17, 2018 Probation Petition ("Dec. 2018 Probation Pet.") [Dkt. No. 123]; Judgment on Revocation as to Allante Alexander ("Judgment on Revocation") [Dkt. No. 131]; June 22, 2020 Letter Regarding Sentencing Terms Running Concurrent ("June 2020 Letter") [Dkt. No. 150]; January 28, 2021 Letter Regarding Sentencing Terms Running Concurrent ("Jan. 2021 Letter") [Dkt. No. 157]; and Government's Opposition to Request to Run Sentences Concurrently ("Gov't Opp.") [Dkt. No. 160].

referenced concerns about the spread of COVID-19 among inmates.  Jan. 2021 Letter at 1-2.  In this second letter he again wrote of his desire to see his children, two of whom he has not yet met.  Id. at 1.  The government filed its opposition on February 9, 2021, arguing that the Court should deny Mr. Alexander's request because Section 7B1.3(f) of the U.S. Sentencing Guidelines provides that the two sentences should run consecutively and because the sentences were imposed for two separate offenses.  Gov't Opp. ¶¶ 5-6.  The time for Mr. Alexander to file a reply has elapsed.

## II.  DISCUSSION

The U.S. Sentencing Guidelines provide:  "Any term of imprisonment imposed upon the revocation of probation or supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of probation or supervised release."  U.S. SENT'G GUIDELINES MANUAL § 7B1.3(f) (U.S. SENT'G COMM'N 2004).  While the Guidelines are advisory and not binding, see United States v. Booker, 543 U.S. 220 (2005), the Court may determine that it is appropriate to follow the Guideline recommendation in a particular case, see United States v. Kenny, 846 F.3d 373, 376-78 (D.C. Cir. 2017) (upholding district court's decision to follow Section 7B1.3(f) in ordering a sentence for a violation of supervised release to run consecutively with a sentence for a state drug charge).

There is good reason to follow the Guideline recommendation in this case.  Mr. Alexander was sentenced by the Superior Court for committing an armed robbery with an imitation firearm.  Dec. 2018 Probation Pet. at 2.  He was sentenced by this Court for violating the mandatory condition of his supervised release that he not commit another federal, state, or

3

local crime. Judgment on Revocation at 1-2. The two sentences therefore derive from two separate offenses. The Court agrees with the government that "any sentence for that separate event" for which Mr. Alexander was sentenced by the Superior Court "should run consecutively to the sentence in this case." Gov't Opp. ¶ 6.

In addition, the sentencing factors codified at 18 U.S.C. § 3553(a) weigh against Mr. Alexander's request. Mr. Alexander committed the armed robberies that led to the sentences he is currently serving in May 2018, a mere fifteen months after he began his supervised release in January 2017. May 2018 Prob. Petition at 2. The offenses committed while on supervised release are also strikingly similar to the offenses for which Mr. Alexander was previously sentenced by this Court. On May 14, 2014, Mr. Alexander participated in the robbery of a convenience store by removing cash from a register as his co-conspirator pulled out a black handgun. SOO ¶ 3. The following day, on May 15, 2014, Mr. Alexander participated in a second robbery at a bank, acting as "look out" as his two co-conspirators committed the robbery. Id. ¶ 5. While on supervised release in connection with these offenses, Mr. Alexander committed two additional armed robberies – once again, on two consecutive days – leading to the sixty-month sentence imposed by the Superior Court. See May 2018 Probation Pet. at 3; Dec. 2018 Probation Pet. at 2. That Mr. Alexander turned to crime after so brief a period following his release and committed not just another crime of violence but another string of armed robberies raises serious concerns that the term of incarceration he previously served was not sufficient "to afford adequate deterrence to criminal conduct [and] to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(2)(B)-(C). Mr. Alexander's course of conduct does not suggest that a shorter overall term of incarceration, as would result from

running the sentences concurrently, would be consistent with the goal of sentencing to deter future criminal behavior.

        For the foregoing reasons, it is hereby

        ORDERED that Mr. Alexander's request in his June 22, 2020 Letter Regarding Sentencing Terms Running Concurrent [Dkt. No. 150] is DENIED; and it is

        FURTHER ORDERED that Mr. Alexander's request in his January 28, 2021 Letter Regarding Sentencing Terms Running Concurrent [Dkt. No. 157] is DENIED.

        SO ORDERED.

/s/
PAUL L. FRIEDMAN
United States District Judge

DATE:  March 16, 2021